**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DAVID KLUCKA, | Case No. 2:15-cv-02162-JAD-NJK |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| DAVID B. BARKER, et al., | |
| Defendants. | |

By separate order on today's date, the Court granted Plaintiff's request to proceed in this case *in forma pauperis*. Docket No. 2. The Court now screens Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2).

Upon granting a request to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled

1 complaint must provide a short and plain statement of the claim showing that the pleader is entitled to
2 relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8
3 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic
4 recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan
5 v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations
6 contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S.
7 at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not
8 suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable
9 to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se*
10 complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*,
11 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required
12 after *Twombly* and *Iqbal*).

13     In this case, Plaintiff brings claims under 42 U.S.C. § 1983 arising from rulings made by two state
14 of Nevada District Court Judges - David B. Barker and Douglas E. Smith. *See, e.g.*, Docket No. 1-1 at 2.
15 Each of Plaintiff's allegations against Judges Barker and Smith involve actions taken by the judges in their
16 official judicial capacity. As a result, they are absolutely immune from suit. The United States Supreme
17 Court has repeatedly held that judges and those performing quasi-judicial functions are absolutely immune
18 from damages for acts performed within their judicial capacities. *See Nixon v. Fitzgerald*, 457 U.S. 731,
19 766 (1982); *see also Miller v. Davis,* 521 F.3d 1142, 1145 (9th Cir. 2008); *Ashelman v. Pope,* 793 F.2d
20 1072, 1075 (9th Cir. 1986) (*en banc*) (stating "[j]udges . . . are absolutely immune from damage liability
21 for acts performed in their official capacities").

22 . . . .
23 . . . .
24 . . . .
25 . . . .
26 . . . .
27 . . . .
28 . . . .

1    Plaintiff's complaint alleges claims against Judges Barker and Smith related to conduct undertaken in their official judicial capacities.  Thus, it fails to state a claim upon which relief can be granted.  Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED** with prejudice because amendment would be futile.  *See Lopez v. Smith,* 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (*en banc*) (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (leave to amend should be granted unless amendment would be futile)).

IT IS SO ORDERED.

DATED: November 16, 2015.

_____
NANCY J. KOPPE
United States Magistrate Judge

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).